"7"

Filed: 11/26/2019 3:45 PM
Marcus Carlock
District Clerk
Titus County, Texas

Sharolyn Redar

CAUSE NO. 41174

| | | |
|---|---|---|
| ANTHONY YOUNG AND CHELSEY YOUNG, INDIVIDUALLY, AND AS NEXT FRIEND OF KAYDEN YOUNG, A MINOR, NIKKI KEEFER, INDIVIDUALLY, AND AS NEXT FRIEND OF AVERY KEEFER, A MINOR, AND LaBRESHA FULMER, AS NEXT FRIEND OF RAYDON JACKSON, A MINOR, | § § § § § § § § § | IN THE DISTRICT COURT |
| *Plaintiffs,* | § § | TITUS COUNTY, TEXAS |
| V. | § § | |
| BRAUM'S, INC., | § § § | |
| *Defendant.* | § | 76TH/276TH JUDICIAL DISTRICT |

## PLAINTIFFS' FIRST AMENDED ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

**COMES NOW,** Anthony Young and Chelsey Young, Individually, and as Next Friend of Kayden Young, Nikki Keefer, Individually, and as Next Friend of Avery Keefer, and LaBresha Fulmer, as Next Friend of Raydon Jackson ("Plaintiffs") and files this First Amended Original Petition complaining of Braum's, Inc. ("Defendant"), and for cause of action would respectfully show the Court the following:

### I.
### DISCOVERY PLAN

1. Discovery in this case is intended to be conducted under Level 2 of Rule 190 of the Texas Rules of Civil Procedure.

### II.
### PARTIES

2. Plaintiffs:

Plaintiffs' First Amended Original Petition 1

    a. Anthony Young, whose Texas driver's license number is *****227 and whose Social Security number is ***-**-*225. He resides in Omaha, Texas.

    b. Chelsey Young, whose Texas driver's license number is *****933 and whose Social Security number is ***-**-*306. She resides in Omaha, Texas.

    c. Kayden Young, a minor child, has no driver's license. His Social Security number is ***-**-*480. He resides in Omaha, Texas.

    d. Nikki Keefer, whose Texas driver's license number is *****610 and whose Social Security number is ***-**-*519. She resides in Pittsburg, Texas.

    e. Avery Keefer, a minor child, has no driver's license. Her Social Security number is ***-**-*703. She resides in Pittsburg, Texas.

    f. LaBresha Fulmer, whose Texas driver's license number is *****416 and whose Social Security number is ***-**-*184. She resides in Mesquite, Texas.

    g. Raydon Jackson, a minor child, has no driver's license. His Social Security number is ***-**-*792. He resides in Mesquite, Texas.

3. Defendant:

    a. Braum's, Inc. is a corporation that is incorporated in a state other than the State of Texas, with its principal place of business at 3000 NE 63rd Street, Oklahoma City, Oklahoma 73121. Braum's, Inc. has appeared in this case and therefore may be served with process by serving its attorneys pursuant to Rule 21 of the Texas Rules of Civil Procedure.

### III.
### JURISDICTION AND VENUE

4. Jurisdiction is proper because the amount in controversy is within the jurisdictional limits of the court.

5. Venue is proper in Titus County, Texas, pursuant to § 15.002(a)(1) of the Civil

Plaintiffs' First Amended Original Petition      2

Practices and Remedies Code because Titus County, Texas is the county in which all, or a substantial part of the events or omissions giving rise to this lawsuit occurred.

## IV.
## STATEMENT OF FACTS

6. Claim Number One

    a. Anthony and Chelsey Young are the parents of Kayden Young.

    b. Kayden Young was 10 years old at the time of the accident.

    c. On April 8, 2019, Kayden Young was exiting the men's restroom at the Braum's, Store 184 at 1303 South Jefferson Avenue, Mount Pleasant, Texas 75455 (hereinafter referred to as the "Incident Store").

    d. Due to the weight of the door, Kayden Young was struck in the back, causing him to fall forward.

    e. While in the process of catching himself, his left thumb was caught in the pinch point of the men's restroom door.

    f. Immediately after the door slammed his finger, Kayden Young felt immediate pain at the tip of his thumb.

    g. The pain level was described by the child as a total ten; ten being the highest level of pain.

    h. Kayden Young's left thumb was partially amputated.

    i. Anthony Young, father of Kayden Young, later alerted the onsite Manager at the Incident Store who informed him that this was not the first incident that occurred involving the men's restroom door. The Manager also informed Anthony Young that the corporate office had knowledge of prior incidents involving the men's restroom door that

Plaintiffs' First Amended Original Petition     3

took place at the Incident Store, but took no action in making adjustments or repairs to the restroom door.

j. Below is a true and correct photo of Kayden Young's injuries taken shortly after the incident.



k.

7. Claim Number Two

   a. Nikki Keefer is the parent of Avery Keefer.

   b. Avery Keefer was five years old at the time of the accident.

   c. On March 29, 2018, Nikki Keefer, Avery Keefer, and Harley Rozell, boyfriend of Nikki Keefer, were seated next to the men's restroom at the Incident Store.

   d. As Mr. Rozell rose up from the booth to enter the men's restroom, Avery Keefer tried to grab his shirt.

   e. Instead, her left pinky finger was caught in the pinch point of the men's restroom door.

   f. Immediately after the door slammed her finger, Avery Keefer felt immediate pain at the joint of her pinky finger.

   g. The pain level was described by the child as a total ten; ten being the highest level of pain.

    h. Avery Keefer's pinky finger was deeply lacerated close to the bone.

    i. Below is a true and correct photo of Avery Keefer's injuries taken shortly after the incident.



    j.

8. Claim Number Three

    a. LaBresha Fulmer is the parent of Raydon Jackson.

    b. Raydon Jackson was four years old at the time of the accident.

    c. On January 12, 2015, Raydon Jackson was exiting the men's restroom at the Incident Store.

    d. Due to the weight of the door, Raydon Jackson was struck in the back, causing him to fall forward.

    e. While in the process of catching himself, his left middle finger was caught in the pinch point of the men's restroom door.

    f. Immediately after the door slammed his finger, Raydon Jackson felt immediate pain at the tip of his middle finger.

    g. The pain level was described by the child as a total ten; ten being the

highest level of pain.

h. Raydon Jackson's middle finger was lacerated in the middle of his nail.

i. Below is a true and correct photo of Raydon Jackson's injuries taken shortly after the incident.



j.

## V.
## CAUSES OF ACTION

**PREMISES LIABILITY:**

9. Plaintiffs incorporate Paragraph Numbers 1 through 8 of Plaintiffs' First Amended Original Petition, as if fully set out herein, and contends that he/she were business invitees at the time of the injuries described above because they were customers of the Incident Store on the dates described above. Because the Incident Store's business was open to the public, Plaintiffs contend that the Incident Store extended an invitation to Plaintiffs to use their public restroom. Plaintiffs further contend that because he/she were business invitees of the Incident Store at the time of the injuries, the Incident Store owed Plaintiffs a duty of reasonable care to warn Plaintiffs and/or make reasonably safe to any known dangerous condition, and/or reduce or

Plaintiffs' First Amended Original Petition 6

eliminate any unreasonable risk of harm to Plaintiffs while a business invitee is present in the Incident Store.

10. Plaintiffs would show that the Incident Store, owned by Defendant, severally, breached the duty of ordinary care owed to Plaintiffs as business invitees of the Incident Store. More specifically, Plaintiffs contend that the incident occurred because the Defendant committed various acts or omissions that were a proximate cause of the injuries and damages sustained by the Plaintiffs, which include, but are not limited to, the following:

   a. Creating a hazardous and dangerous environment for Plaintiffs;

   b. Failing to ensure that the restroom door would not cause injuries in the pinch point of the door;

   c. Ignoring repeated notifications from the Plaintiffs that the door was a hazard, and was causing serious injuries;

   d. Negligently failing to warn or give notice to Plaintiffs of any unreasonable risk of harm to Plaintiffs and negligently failing to make reasonably safe to any unknown dangerous condition in letting the Plaintiffs enter the restroom with the door exceeding specific weight limits that would not cause pinch point injuries to the Plaintiffs;

   e. Failing to install an appropriate and effective soft-close door damper that would prevent the heavy metal door from slamming shut and causing pinch point injuries and other type of injuries.

**GROSS NEGLIGENCE:**

11. The wrongful acts and omissions of Defendant as described above is the type of conduct for which the law allows the imposition of exemplary damages in that it constitutes gross negligence. When viewed objectively from Defendant's stand-point at the time of the occurrence,

Plaintiffs' First Amended Original Petition                                             7

Defendant's conduct involved an extreme degree of risk, considering the probability and magnitude of the potential harm to others, and Defendant had actual, subjective awareness of the risk involved, but nevertheless proceeded with conscious indifference to the rights, safety, or welfare of others, including Plaintiffs. Therefore, Plaintiffs seek exemplary damages from Defendant in amounts to be determined by the trier of fact.

## VI.
## DAMAGES

12. As a direct and proximate result of the negligent actions and/or inactions of Defendant, Plaintiffs sustained physical injuries. These injuries have caused the Plaintiffs to suffer from the following damages:

   a. Physical pain suffered during the finger being stuck in the pinch point of the door for a period of time;

   b. Physical pain suffered immediately after the door abruptly slamming Plaintiffs' finger;

   c. Emotional distress suffered from the date and time of the injury, and for over a period of time after the injury;

   d. Mental anguish suffered from the date and time of the injury;

   e. Disfigurement;

   f. Medical expenses incurred from the date and time of injury, and for following visits after the injury.

## VII.
## EXEMPLARY DAMAGES

13. Plaintiffs seek exemplary damages caused by Defendant's gross negligence and

omissions. Exemplary damages are sought under Section 41.003(a)(2) of the Texas Civil Practices and Remedies Code, as defined by Section 41.001(7). Plaintiffs also seeks exemplary damages under Section 41.003(a)(3) of the Texas Civil Practices and Remedies Code.

## VIII.
## JURY DEMAND

14. Plaintiffs request a trial by jury on all issues set forth herein

## XI.
## PRAYER

**WHEREFORE, PREMISES CONSIDERED,** Plaintiffs pray that citation be issued and served upon the above-named Defendant, commanding Defendant to appear and answer herein and that upon final hearing of this cause, and trial on the merits, judgment be entered for Plaintiffs and against Defendant for the compensatory damages in an amount within the jurisdictional limits of the Court, together with pre-judgment interest (from the date the injury through the date of judgment) at the maximum rate allowed by law; post judgement interest at the legal rate; costs of court, and for such other and further relieve, at law or in equity, both general and special, to which Plaintiffs may be justly entitled.

Respectfully submitted,

Roach Langston Bruno LLP

By: _____
Nelson J. Roach
Texas Bar No. 16968300
Email: nroach@rlbfirm.com
205 Linda Drive
Daingerfield, Texas 75638
Tel. (903) 645-7333
Fax. (903) 645-5686
**Attorney for Plaintiffs**

Plaintiffs' First Amended Original Petition 9